Ihab A. Ibrahim, Esq.
THE IBRAHIM LAW FIRM
910 Bergen Avenue, Suite 203
Jersey City, New Jersey 07306
(855) 529-0030
*Attorneys for Plaintiff*



CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2017 OCT 23  P 12: 05

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MICHAEL ADLY

      *Plaintiff,*

      *v.*

RENZENBERGER, INC.,
GREG STOAB

      *Defendants.*

**COMPLAINT AND JURY DEMAND**

## INTRODUCTORY STATEMENT

This is an action for damages against Defendants Renzenberger, Inc., *et. al.* for its discriminatory treatment and wrongful termination of Plaintiff Michael Adly's employment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq., and the parallel laws of the State of New Jersey (*i.e.*, New Jersey Law Against Discrimination, N.J.S.A. 10:5-12 et. seq.).

1

## THE PARTIES

1. Plaintiff Michael Adly is, and was at all times relevant herein, a citizen of the United States and a resident of Jersey City, Hudson County, in the State of New Jersey.

2. Defendant Renzenberger, Inc. (hereinafter referred to as "Renzenberger"), upon information and belief, is and at all times relevant herein, a corporation with its place of incorporation located in the state of New Jersey. As applicable, Renzenberger, and its agents, representatives, or employees shall collectively be referred to as "Renzenberger."

3. Defendant Greg Stoab (hereinafter referred to as "Defendant Stoab"), upon information and belief, is at all times relevant herein, an individual, employed as an agent of Renzenberger.

4. Upon information and belief, Renzenberger is an "Employer" within the meaning of Title 7 of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq., and New Jersey's Law Against Discrimination, 10:5-12 et. seq.

5. Upon information and belief, Renzenberger has, at all times relevant herein, been authorized to conduct business in the State of New Jersey. Its facility is located in Metuchen, New Jersey.

6. Upon information and belief, Renzenberger's State of New Jersey Employer Identification Number is 480-986-342/000.

## JURISDICTION AND VENUE ALLEGATIONS

2

7. This Court has jurisdiction regarding the instant matter under 28 U.S.C. § 1331 (Federal question jurisdiction) and supplemental jurisdiction under 28 U.S.C. § 1367 regarding the New Jersey state law claims against Defendants for the State of New Jersey. The instant matter arises out of Federal law because Plaintiff alleges violations of several federal statutes. New Jersey's state statutes are cognizable in this case under this Court's supplemental jurisdiction.

8. Venue properly resides with this Court pursuant to 28 U.S.C. § 1391(b).

9. Plaintiff has complied with all administrative procedures that are conditions precedent to the filing of the instant matter. The Plaintiff has timely filed a Complaint of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). (*See* Exhibit A.) On or about August 5, 2017 the Plaintiff received a "Notice of Right to Sue" letter from the EEOC at Plaintiff attorney's address located at 910 Bergen Ave., Suite 203, Jersey City, N.J. 07306.

10. The instant action is being filed within 90 days of the Plaintiff's receipt of the "Right to Sue" letter. (*See* Exhibit B.)

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. On or about February 6, 2003, Plaintiff was hired by Renzenberger.

12. Plaintiff was employed in the capacity of a Driver.

13. In or about July 2016, after more than thirteen (13) years employed as a driver at Renzenberger, Defendant Staab, who was assigned as Plaintiff's new Manager, accused Plaintiff of not being able to speak English. Further, he stated to Plaintiff, "Learn English!"

14. In or about October 2016, Plaintiff was involved in a motor vehicle accident.

15. On or about October 18, 2016, Plaintiff received a notice of termination of his employment.

16. The official reason given for Plaintiff's termination was that he was involved in the aforementioned motor vehicle accident.

17. Similarly-situated employees, who speak English without a distinctive accent, who had been in one or more motor vehicle accidents have not been terminated.

18. In addition to loss of income as a result of Plaintiff's termination, Plaintiff also lost all benefits associated with his employment with Renzenberger, including health and unemployment insurance.

19. Plaintiff was provided with an Employee Handbook at the time he became employed with the Defendant.

20. On page 11 of the Employee Handbook, the Defendants set forth its "Corrective Action" towards employees who fail to abide by Renzenberger's rules and regulations.

21. The Corrective Action Policy establishes progressive levels of discipline for employee misconduct, based on multiple factors relating to the circumstances of the misconduct.

22. No evidence was provided by Renzenberger to Plaintiff as to whether it undertook any evaluation of the multiple factors called for in its Corrective Action Policy before determining its level of discipline directed at Plaintiff.

23.   No evidence was provided by Renzenberger to Plaintiff as to why the most severe form (*i.e.*, step) of discipline was exacted before any intermediate steps of discipline were undertaken.

## COUNT ONE
## (WRONGFUL TERMINATION BASED ON RELIGIOUS AND RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT)

24.   Upon information and belief, Renzenberger is a private entity exempt from federal income tax under 26 U.S.C. §501(c) and has, at all times relevant, satisfied the definition of employer as contained within 42 U.S.C. § 2000e.

25.   Pursuant to 42 U.S.C. §2000e-2(a)(1), "It shall be an unlawful employment practice for an employer...to discharge any individual...because of such individual's race... religion."

26.   Pursuant to 42 U.S.C. §2000e-2(a)(2), "It shall be an unlawful employment practice for an employer to limit, segregate...his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race... religion."

27.   Plaintiff is an individual of Egyptian decent and of Muslim faith, both of which are members of a protected class.

28.   Plaintiff was qualified to perform all duties for which he was hired.

29.   Other co-workers who are not members of a protected class were treated better than Plaintiff, as other co-workers engaged in more severe misconduct were disciplined less severely than Plaintiff.

30. Plaintiff's motor vehicle accident was his first act, in thirteen years, which conflicted with his job description.

31. Defendants' termination of Plaintiff was not a legitimate form of discipline based on the normal guidelines of the Defendant's own Corrective Action Policy.

32. The stated reason for Plaintiff's termination of employment with Defendant was merely a pretext for the real reason of Plaintiff's termination: Plaintiff was an Egyptian Muslim who spoke with a strong accent.

33. Defendant violated 42 U.S.C. §2000e-2(a)(1) by discharging Plaintiff based on his race and religion.

34. Defendants violated 42 U.S.C. §2000e-2(a)(2) by setting limits on and segregating Plaintiff's employment with Defendant based on his race and religion.

35. The EEOC issued a Right to Sue Notice on August 4, 2017. Such notice was received by Plaintiff's attorney on or about August 5, 2017 and this Complaint is filed within ninety (90) days of receipt of that Notice.

**WHEREFORE**, Plaintiff demands judgment against Defendant for:

A. Compensatory damages, front pay and back pay, together with equitable relief in the form of reinstatement of employment and benefits, and interest pursuant to 42 U.S.C. § 2000e-5(g)(1).

B. Litigation expenses and costs of suit, as well as counsel fees pursuant to 42 U.S.C. § 2000e-5(k).

C. Such other relief as this Court deems just and equitable.

**COUNT TWO**

6

## (WRONGFUL TERMINATION BASED ON RELIGIOUS AND RACIAL DISCRIMINATION IN VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION (NJ LAD))

36. Plaintiff repeats the allegations contained in paragraphs 1 through 35 hereof with the same force and effect as though set forth at length herein.

37. This Court has supplemental jurisdiction over this claim for relief of the Plaintiff pursuant to 28 U.S.C. § 1367.

38. Defendant has engaged in unlawful discrimination against Plaintiff as mentioned in Paragraphs 1 through 35.

39. Plaintiff is entitled to the protections of N.J.S.A. 10:5-12, which states that, "It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: a. For an employer, because of the race, creed…of any individual…to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

40. Defendant, in fact, discriminated against Plaintiff based on his race, religion and creed.

41. Defendant, in fact, terminated Plaintiff from his employment based on his race, religion and creed.

**WHEREFORE**, Plaintiff demands judgment against Defendant for:

A. Compensatory damages, front pay and back pay, together with equitable relief in the form of reinstatement of employment and benefits and interest pursuant to N.J.S.A. 10:5-13.

B. Litigation expenses and costs of suit, as well as counsel fees pursuant to <u>N.J.S.A.</u> 10:5-27.1.

C. Such other relief as this Court deems just and equitable.

## COUNT THREE
## (HOSTILE WORK ENVIRONMENT BASED ON RELIGION AND RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964)

42. Plaintiff repeats the allegations contained in paragraphs 1 through 41 hereof with the same force and effect as though set forth at length herein.

43. Defendants intentionally discriminated against Plaintiff by harassing him, being abusive to him, isolating and segregating him from other co-workers, micromanaging his job duties, etc.

44. The aforementioned discrimination against Plaintiff by Defendant was pervasive.

45. The aforementioned discrimination against Plaintiff by Defendant had a detrimental effect on Defendant's evaluation of Plaintiff's job performance.

46. No reasonable person in Plaintiff's position would believe that there was an absence of intentional discrimination conducted by the Defendants based on Plaintiff's religion and race.

47. Defendant is vicariously liable for the hostile work environment established by its agents, representatives or employees against Plaintiff, as referenced in Paragraphs 43 to 46.

**WHEREFORE**, Plaintiff demands judgment against Defendants for:

A. Compensatory damages, front pay and back pay, together with equitable relief in the form of reinstatement of employment and benefits, and interest pursuant to 42 U.S.C. § 2000e-5(g)(1).

B. Litigation expenses and costs of suit, as well as counsel fees pursuant to 42 U.S.C. §
2000e-5(k).

C. Such other relief as this Court deems just and equitable.

## COUNT FOUR
## (HOSTILE WORK ENVIRONMENT BASED ON RELIGION AND RACE
## IN VIOLATION OF NEW JERSEY'S LAW AGAINST
## DISCRIMINATION)

48. Plaintiff repeats the allegations contained in paragraphs 1 through 47 hereof with
the same force and effect as though set forth at length herein.

49. This Court has supplemental jurisdiction over this claim for relief of Plaintiff
pursuant to 28 U.S.C. § 1367.

50. But for Plaintiff's religion and race, he would not have received the discriminatory
treatment from Renzenberger.

51. The discriminatory treatment that Plaintiff received at his workplace was severe
and pervasive.

52. No reasonable person in Plaintiff's position would consider his treatment by
Defendants as anything other than discriminatory.

53. The discriminatory treatment received by Plaintiff from Defendants adversely
affected Plaintiff's conditions of employment, which included Plaintiff's wrongful
termination.

**WHEREFORE**, Plaintiff demands judgment against Defendants for:

A. Compensatory damages, front pay and back pay, together with equitable relief in the
form of reinstatement of employment and benefits and interest pursuant to N.J.S.A.
10:5-13.

9

B. Litigation expenses and costs of suit, as well as counsel fees pursuant to N.J.S.A. 10:5-27.1.

C. Such other relief as this Court deems just and equitable.

## COUNT FIVE
## (BREACH OF IMPLIED CONTRACT)

54. Plaintiff repeats the allegations contained in paragraphs 1 through 53 hereof with the same force and effect as though set forth at length herein.

55. This Court has supplemental jurisdiction over this claim for relief of Plaintiff pursuant to 28 U.S.C. § 1367.

56. At all times relevant to this action, Renzenberger represented to Plaintiff, through its Employee Handbook issued to Plaintiff, that employees in Plaintiff's position would not be discriminated against based on either race or religious creed. These provisions and representations form part of Plaintiff's reasonable expectation of employment with Defendant.

57. Defendant's Employee Handbook created a unilateral contract when Plaintiff continued to provide his services on behalf of Defendant after he received a copy of such handbook.

58. As part of Plaintiff's reasonable expectation of employment with Defendant was the right to receive verbal warnings, be they oral or written, as the initial step in disciplining Plaintiff for any minor violation committed by him as outlined in the Defendant's Employee Handbook entitled "Corrective Action Policy."

59. Being involved in a motor vehicle accident constitutes, at most, a minor violation by Plaintiff that did not warrant his immediate termination based on the multi-factor test, which should have been conducted.

10

60. Renzenberger breached its implied duties of good faith and fair dealing by immediately terminating Plaintiff's employment with the Defendant without first instituting a progressive policy of discipline called for in Defendant's own Employee Handbook.

61. Prior to the Plaintiff's wrongful termination, he had performed all conditions, covenants, promises, duties, and responsibilities required of him to be performed in accordance with the expectations of an employee in Plaintiff's position.

62. The Defendants did not follow their own guidelines, as established by their own Employee Handbook, by allowing or failing to eliminate discrimination in the workplace, by failing to judge Plaintiff on the basis of merit and ability and by wrongfully terminating Plaintiff on a specious basis.

63. As a result of Defendant's discrimination and hostile work place mentioned above, Plaintiff has suffered damages and will continue to suffer damages in the future that entitles Plaintiff to the full monetary value of his lost services, as well as all other losses or damages stemming from his wrongful termination by the Defendants.

**WHEREFORE**, Plaintiff demands judgment against Defendant for:

A. Compensatory damages, punitive damages, interest, costs of suit, attorney fees; and

B. Such other or further relief as the Court may deem proper and just.

Dated: October 22, 2017                                    /s/ **Ihab A. Ibrahim**

Ihab A. Ibrahim, Esq.
The Ibrahim Law Firm
ihabi@ibrahim-law-firm.com
N.J. Bar No. 045112013
*Attorney for Plaintiff*

11

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, trial by jury is demanded as

to all triable issues and claims.

Dated: October 22, 2017                    **/s/ Ihab A. Ibrahim**

Ihab A. Ibrahim, Esq.
The Ibrahim Law Firm
ihabi@ibrahim-law-firm.com
N.J. Bar No. 045112013
*Attorney for Plaintiff*

## CERTIFICATION

I am not aware of any other case arising out of the facts stated herein or any othermatter

which may be brought as a result of the facts stated herein.

Dated: October 22, 2017                    **/s/ Ihab A. Ibrahim**

Ihab A. Ibrahim, Esq.
The Ibrahim Law Firm
ihabi@ibrahim-law-firm.com
N.J. Bar No. 045112013
*Attorney for Plaintiff*

12