NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL ADLY,

    *Plaintiff*,

v.

RENZENBERGER, INC., GREG STOAB,

    *Defendants*.

Civil No.: 17-cv-9012 (KSH) (CLW)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

  Plaintiff Michael Adly, who was employed for thirteen years as a driver for Renzenberger, Inc., alleges he was fired on October 18, 2016, after he was involved in a traffic accident. (D.E. 1, Complaint ["Compl."], ¶¶ 11-12, 14-16.) He alleges that although the accident was the "official" reason given for his termination, three months earlier, in July 2016, his then-manager, Greg Stoab (with Renzenberger, "defendants") had accused him of being unable to speak English and told him to "Learn English!" (*Id.* ¶¶ 16, 13.) He claims that other employees who do not speak with an accent and who were involved in motor vehicle accidents were not terminated, and that the company did not follow the corrective action policy in its employee handbook. (*E.g.*, *id.* ¶¶ 17, 19-23.)

  Based on these events, on October 23, 2017, Adly filed a five-count complaint against defendants, asserting claims for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-12, and for breach of implied contract. (*See generally* Compl.) Adly asserts, in substance, that he experienced unlawful discrimination because he is of Egyptian descent and Muslim faith.

1

The day after Adly filed his complaint, the Court issued a summons to be completed and used in the service of process on defendants. (D.E. 2.) The Court also issued a quality control message advising Adly's attorney to update his account because the address on the complaint did not match the Court's records. No proof of service was ever filed, and the docket for this action still reflects an apparently incorrect address for Adly's attorney. In fact, there was no further docket activity until the Court issued a notice of call for dismissal on January 22, 2018, putting Adly on notice that his action would be dismissed on January 29, 2018, for failure to effect service of process within 90 days of the filing of his complaint, unless proof of timely service was filed before the return date. (D.E. 3.) Adly's attorney was also directed to serve the notice of call for dismissal upon his client and to provide proof of that service to the Court. (*Id.*) Neither proof of service of the summons and complaint upon defendants nor proof of service of the notice was filed and, on January 30, 2018, the Court dismissed the action pursuant to Fed. R. Civ. P. 4(m), for failure to effect timely service. (D.E. 4.)

More than two and a half months later, on April 16, 2018, Adly filed a motion, which is unopposed, seeking to reinstate the complaint. (D.E. 5.) The motion, which fails to identify the governing rule or other legal authority under which Adly is moving, was supported by a two-page certification from Ihab A. Ibrahim, Esq., claiming that the complaint was filed by an associate of his office who at some point left the firm;[1] that "service on the Defendant was assumed and as a result was overlooked"; that the Court had dismissed the action on January 30, 2018, for failure to effect service; and that "the service issue" "did not occur to us . . . until this time." (D.E. 5-3 ¶¶ 4-8.) The certification is silent as to whether any effort was ever made to effectuate service of process upon defendants, much less whether any effort was made within the

---

[1] The Court observes that Mr. Ibrahim – not his former associate – is the attorney who signed the complaint.

2

90-day period required by Fed. R. Civ. P. 4(m). To the contrary, the proposed order accompanying Adly's motion phrases the relief sought as reinstatement of the complaint and to "allow Plaintiff to serve Defendants" [D.E. 5-1], suggesting that Adly never did effectuate service of the summons and complaint.

Because service of process is a prerequisite to the Court exercising jurisdiction over defendants, and therefore a prerequisite to this action proceeding, the Court will construe Adly's motion as a request for extension of time to effectuate service of the summons and complaint. Under Rule 4(m),[2] the court must dismiss an action without prejudice if the plaintiff has not served the summons and complaint within 90 days after filing the complaint. Fed. R. Civ. P. 4(m). If the plaintiff demonstrates good cause for its failure to timely serve process, the court must extend the time to do so "for an appropriate period." *Id.* If the plaintiff fails to demonstrate good cause, it is within the Court's discretion to either grant an extension of time for service or dismiss the complaint without prejudice. *Veal v. United States*, 84 F. App'x 253, 256 (3d Cir. 2004) (citing *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995)). Thus, even absent a showing of good cause, the Court must consider whether any other factors justify an extension of time. *Id.* (citing *Petrucelli*, 46 F.3d at 1307).

Adly has failed to demonstrate good cause for his failure to effectuate timely service upon defendants. The Third Circuit equates "good cause" with the concept of "excusable neglect," which requires the plaintiff to demonstrate good faith and a reasonable basis for failing

---

[2] Under the circumstances, Rule 4(m), and not Rule 60(b), supplies the proper framework for considering Adly's motion, as Rule 60(b), by its terms, applies only to final judgments. The Court's January 30 order of dismissal without prejudice is not yet a final judgment because, based on the allegations in the complaint, and as discussed further *infra*, at least one of Adly's claims appears not to be time-barred. *See Core Commc'ns, Inc. v. Verizon Pa., Inc.*, 493 F.3d 333, 337 (3d Cir. 2007) ("Ordinarily, an order dismissing a complaint without prejudice is not a final order unless the applicable statute of limitations would not permit the re-filing of the claims.").

3

to comply with the time limit in the rule. *MCI Telecommc'ns Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). Appropriate considerations include the reasonableness of plaintiff's efforts at service, prejudice to the defendant, and whether plaintiff sought an extension, but the "primary focus" of the inquiry is on "the plaintiff's reasons for not complying with the time limit in the first place." *Id.*; *see also Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997). "[H]alf-hearted efforts, inadvertence, or a lack of due diligence by counsel are not excusable neglect." *Wahab v. N.J.D.E.P.*, 2017 U.S. Dist. LEXIS 175545, at *15 (D.N.J. Oct. 24, 2017) (Martinotti, J.). The facts certified to by Adly's counsel demonstrate that this is exactly what happened: counsel simply "assumed" that service had been made by another attorney in the office, without ever confirming that was so, and it did not "occur" to counsel to effectuate service until more than two months after the case had been dismissed for failure to do so. (D.E. 5-3, ¶¶ 5-6, 8.) The motion offers no other explanation for failing to timely serve defendants (or, in fact, to serve them at all). This, of course, falls well short of the "good cause" standard.

Nonetheless, the Court will exercise its discretion to extend Adly's time to effectuate service. Running of the statute of limitations – such that the action, if dismissed for failure to effectuate timely service, could not be refiled because it would be time-barred – is "a factor supporting the discretionary granting of an extension of time to make service under Rule 4(m)." *Boley*, 123 F.3d at 759 (emphasis omitted). At least one of Adly's claims appears to be approaching the end of the limitations period: count two of the complaint, which asserts a claim for wrongful termination under the NJLAD, is subject to a two-year statute of limitations that began running upon Adly's October 18, 2016 discharge. *See Alexander v. Seton Hall Univ.*, 204 N.J. 219, 228 (2010). Denial of Adly's motion under the circumstances would therefore require him to immediately refile his complaint to avoid this claim being time-barred, and service upon

4

defendants would still be required (with a new 90-day service period). In other words, if Adly acted to preserve this claim, he would immediately place this case in effectively the same procedural posture, without having advanced the ball nearly a year after the complaint was originally filed. To avoid this inefficient outcome, or, alternatively, Adly's forfeiture of this claim, the Court will permit the reopening of this action.[3]

Finally, the Court advised Mr. Ibrahim on October 24, 2017, nearly a year ago, that the address on the complaint he signed did not match the Court's records for him. The docket still reflects an address for Mr. Ibrahim that does not match the address on the complaint. Local Civil Rule 10.1(a) requires counsel to provide the Court with notice of a change of address within seven days after becoming aware of the change; failure to do so may result in the imposition of sanctions. Mr. Ibrahim has had ample time to update his address in the Court's records, and is hereby directed to do so within **five days**.

Adly's motion to reinstate the complaint is GRANTED. Adly must effectuate service of the summons and complaint upon both defendants within **15 days** of the date of the entry of this decision and shall promptly thereafter file proof of service. Mr. Ibrahim is directed to update his address with the Court within **five days** of the date of entry of this decision. An appropriate order will follow.

Date: October 16, 2018

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

---

[3] In so doing, however, the Court is not making a factual finding that this or any other of Adly's claims are, in fact, timely.